# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50830
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL VILLASENOR-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-1111-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Villasenor-Gonzalez (Villasenor) appeals his jury conviction and sentences on two counts of unlawful transportation of illegal aliens. Villasenor asserts that his conviction for the unlawful transportation of Jose Luis Ocampo-Guadarrama (Ocampo) must be vacated because the Government did not provide sufficient evidence to prove, beyond a reasonable doubt, Ocampo's alienage. Additionally, Villasenor contends that the district court clearly erred when it denied a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After considering the evidence in the light most favorable to the Government, we conclude that it was rational for the jury to find that the evidence was sufficient to establish beyond a reasonable doubt the alienage element of the unlawful transportation offense concerning Ocampo. See United States v. Lopez-Moreno, 420 F.3d 420, 437-38 (5th Cir. 2005), cert. denied, 126 S. Ct. 1449 (2006). The evidence established that Villasenor was driving a truck with individuals who were hiding in the back of the cab and under a tarp in the bed of the vehicle. The group had traveled at least 50 miles from a dilapidated mobile home near the United States/Mexico border, and Villasenor led them, on foot, around the Eagle Pass checkpoint. After successfully evading the checkpoint, the group reentered the same truck, which had been left on the side of the road. None of the individuals in the truck had valid identification or papers entitling them to be in the United States legally. These factors and testimony from the arresting officer, a Border Patrol Agent, and one of the passengers in the truck was sufficient for the jury to find beyond a reasonable doubt that Ocampo was an alien. See Lopez-Moreno, 420 F.3d at 437-438.

The district court did not clearly err in denying Villasenor a minor-role reduction. See United Stated v. Villanueva, 408 F.3d 193, 203-04 (5th Cir. 2005). Villasenor did not meet his burden of establishing by a preponderance of the evidence that his role was minor. See United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001). The evidence shows that Villasenor played at least an average role in the illegal transport of aliens. See id.

Accordingly, the judgment of the district court is AFFIRMED.